## MARTHA E. BATES v. EMMA WARRICK.

Argued November 8, 1907—Decided February 24, 1908.

In an action to recover damages for an injury to an established business by reason of the breaking of a show-window whereby the plaintiff was deprived of the use of such window for the purpose of displaying her goods for a period of three days in the early part of December, testimony that the "normal Christmas trade had been interfered with," is too remote, speculative and uncertain upon which to base a verdict for the plaintiff.

On *certiorari*.

Before Justices SWAYZE and TRENCHARD.

For the prosecutor, *Thompson & Cole.*

For the defendant, *Stone & Schwinghammer* and *U. G. Styron.*

The opinion of the court was delivered by

TRENCHARD, J.    This *certiorari* brings up for review the judgment of the District Court of Atlantic City in favor of the plaintiff below, Martha E. Bates.

The state of demand claims damages for an injury to plaintiff by reason of the negligent cutting of a tree by a servant of the defendant whereby the property and business of the plaintiff was injured.

The testimony shows that when the tree was cut it fell against the show-window of the plaintiff, breaking the glass and otherwise injuring the premises.

Of course the plaintiff is entitled to be made good for all the damages which she has suffered from the wrongful act of the defendant.    This includes the damage done to the premises, and also all damages which resulted directly and necessarily from the proximate and natural consequences of

the act complained of, as distinguished from remote, uncertain or contingent results. 2 *Greenl. Ev.* 256, 261.

It appeared that the accident happened December 4th, 1906, and that for a period of three days, while the damage to the premises was being repaired, the plaintiff was prevented from displaying her goods in one of her show-windows.

For the purpose, as stated by counsel, of "showing the probable amount of damage" to her business, the plaintiff's manager was permitted, against the objection of the defendant, to testify as follows:

"*Q.* Did this accident interfere with the normal Christmas trade?

"*A.* Yes, to a certain extent, it did.

"*Q.* Will you state to the jury just why the accident interfered with the normal Christmas trade?

"*A.* Because one of our show-windows was out of use for three or four days."

We think the admission of such testimony for such purpose was erroneous.

The measure of damages in case of obstruction to premises or places of business has usually been held to be the difference in the rental value or the receipts and profits before and after the injury complained of. 13 *Cyc.* 151. But, as in other tort cases, remote, speculative or uncertain profits lost are neither an element of damages nor evidence of damages. *Id.* 57. The testimony that the Christmas trade was interfered with because a show-window was out of use for three days in the early part of December was too remote, speculative and uncertain to be evidential for the purpose offered.

The result is the judgment of the court below is reversed and a *venire de novo* awarded.